## FARMINGTON *v.* SOMERSWORTH.

The officer's return of service upon an original pauper notice is amendable, according to the truth and facts of the case.

The marriage of a pauper, whose settlement is in controversy, or that of any ancestor from whom the settlement is alleged to have been derived, may be impeached by any interested town or third party, by showing that it was fraudulently obtained, or that the parties were incapable of legally making such contract.

THIS is an action for the support of a pauper, which was tried at a former term, but no verdict returned. At this term the following order is made, subject to the opinion of the whole court, and the defendant excepts:

STRAFFORD ss — SUPREME JUDICIAL COURT — FEBRUARY TERM, 1863.
FARMINGTON *v.* SOMERSWORTH.

On motion of the plaintiff, it is ordered by the court that Edward Barnard, the deputy of the sheriff of said county, who served the notice of said town of Farmington to said town of Somersworth, on said defendant, which is on file in said action, amend his return on said notice by the addition thereto of the words and figures following, namely:

"Strafford ss. March 18, 1861. I this day served the within notice upon the town of Somersworth, within named, by leaving an attested copy of the same, with my return indorsed thereon, at the usual place of abode of Charles P. Carter, town-clerk of said town, and by leaving a like copy at the usual place of abode of James T. Furber, one of the overseers of the poor of said town.

ED. BARNARD, Dept. Sheriff."

And thereupon it is ordered that the questions arising in said case be reserved for decision at the law term. It is further ordered that the affidavit of Edward Barnard, deputy sheriff, the copy of the notice, and of the returns made on the copies of said notice, left with the town-clerk and one of the overseers of the poor of Somersworth, be printed as part of the case.

SAMUEL D. BELL, Presiding Justice.

In the trial of this case the question arises, whether the pauper was married to the person under whom it is claimed she derives her settlement. The plaintiff objects to the admission of any evidence tending to show the invalidity of their marriage, because such evidence would be foreign to the issue between the parties, and because the validity of a marriage can not be disputed except by a party to it; and the parties agree to submit this question to the decision of the court, and it was accordingly reserved for decision at the law term.

*Jordan & Rollins*, for the defendants, referred the court to the following authorities: Comp. Stat., ch. 70, secs. 10, 11, 12; Bishop on Marriage and Divorce, 46, 49; 2 Kent Com. 76, 77; 5 Paige 49; 2 Paige 50; 22 N. H. 553.

*George N. Eastman*, and *Wheeler & Hall*, for the plaintiff.

NESMITH, J. This was assumpsit for the support of Mary E. Randall and her minor child; it being alleged that said Mary was lately the wife of Daniel Randall, who had his legal settlement in Somersworth.

1. The first question arises whether the officer, Edward Barnard, who served the notice of the selectmen of Farmington, containing the supplies furnished by them to the paupers, and for their relief and support, shall be permitted so to amend his return on said original notice as to recite thereon, according to the truth and fact, all the doings of the officer. We think the officer may do this, by filing his appropriate affidavit, showing fully that he has complied with the requisites of the law, in making his service of the original notice. He may be permitted now to amend his return accordingly. The transaction was recent, and the memory of the officer may be presumed fresh as to the service of the notice, when and how made. He can be aided by one of his copies now found with the town-clerk of Somersworth. The record proposed to be amended is not of so high a nature, and so important in its results, as many other judicial records which the courts, by a long and well established practice, have lent their authority in this way to amend. In one case a similar amendment has been made in this State. *Northwood* v. *Barrington*, 9 N. H. 369. The amendment is allowed on terms to be settled in the court below. *Libbey* v. *Copp*, 3 N. H. 46.

2. The plaintiffs object to the admission of evidence tending to show the invalidity of the marriage of Mary E. Randall with her late deceased husband.; (1st). Because such evidence would be foreign to the issue between the parties; (2d). Because the validity of a marriage can not be disputed except by a party to it.

In controversies between towns, involving an inquiry into the settlement of paupers, it has been the practice of courts of law to inquire into the validity of the marriage of paupers, or that of their ancestors. Questions of this kind frequently form the hinge upon which the whole case turns. The propriety of such inquiry is made apparent from the language of the first section of chapter 65 of the Revised Statutes. The provisions of this section would seem to be nugatory, unless they imply or confer the power upon those interested to inquire into the validity of the acts done under them. The marriage contract imposes or transfers the burthen upon towns, according to its binding legal force, both as to the parties to the contract and their children. Under the power of said statute, and the practice of the courts under it, it has been the right of any town liable to be injuriously affected by the marriage of paupers, to show that any or all the requisites of the law deemed indispensable to a valid marriage are wanting. Either party to a controversy involving the settlement of paupers may show that consent was wanting to the marriage contract, or, that it was effected by force, fraud, or by the practice of undue influence, or that one of the parties was at the time an idiot, *non compos mentis*, or insane, or that either of the parties had another husband or wife alive at the time of the alleged second marriage. 2 Greenl. Ev., sec. 464, and authorities in note; *Concord* v. *Goffstown*, 2 N. H. 263; *Londonderry* v. *Chester*, 2 N. H.

230; *Landaff* v. *Atkinson*, 8 N. H. 532; *True* v. *Ranney*, 21 N. H. 52; *Chester* v. *Plaistow*, 43 N. H. 542; *Middleborough* v. *Rochester*, 12 Mass. 363.

If, therefore, the marriage of the parents here be shown to have been fraudulently procured through the interference of the agents of the plaintiff, or other interested parties, then it can not stand; and the settlement of the pauper and her child will not be in Somersworth, and the plaintiff can not prevail in this suit.